**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Austin Binder** | : | |
| 5294 Forest Run Drive | : | |
| Dublin, Ohio 43017 | : | |
| | : | |
| and | : | Case No. 2:20-CV-5123 |
| | : | |
| **Jason Mudd** | : | Judge |
| 6100 Karrer Place | : | |
| Dublin, Ohio 43017 | : | Magistrate Judge |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **Brentlinger Enterprises,** | : | |
| **d/b/a Midwestern Auto Group** | : | |
| 6335 Perimeter Loop Drive | : | |
| Dublin, Ohio 43017 | : | |
| | : | |
| and | : | |
| | : | |
| **Rich Hertenstein** | : | |
| 6426 Buckeye Parkway | : | |
| Grove City, Ohio 43123 | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**
**(Jury Demand Endorsed Hereon)**

Plaintiffs Austin Binder ("Plaintiff Binder") and Jason Mudd ("Plaintiff Mudd"), by and through undersigned counsel, state the following as their Complaint for claims arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, Ohio's antidiscrimination law, R.C. Chapter 4112, Ohio's criminal law against sexual imposition, R.C. 2907.06, through Ohio's civil liability for criminal acts statute, R.C. 2307.60, Ohio common law of assault and battery, and Ohio common law of wrongful discharge in violation of public policy

1

against Defendants Brentlinger Enterprises, d/b/a Midwestern Auto Group ("Defendant MAG"), and Rich Hertenstein ("Defendant Hertenstein"):

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Counts I and IV pursuant to 28 U.S.C. § 1331 because the claims are set forth pursuant to the laws of the United States of America.

2. The Court has supplemental jurisdiction over Counts II-III and V-VIII, Plaintiffs' state law claims, pursuant to 28 U.S.C. § 1367, because the claims arise out of the same set of operative facts that together form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as the events giving rise to the causes of action occurred in Franklin County, Ohio, within the Southern District of Ohio, Eastern Division.

## PARTIES

4. Plaintiff Binder is a natural person residing in Franklin County, Ohio, living in the Southern District, Eastern Division. At all relevant times, Plaintiff Binder was an employee of Defendant MAG as that term is defined by Title VII, 42 U.S.C. § 2000e(f), and R.C. 4112.01(A)(3).

5. Plaintiff Mudd is a natural person residing in Franklin County, Ohio, living in the Southern District, Eastern Division. At all relevant times, Plaintiff Mudd was an employee of Defendant MAG as that term is defined by Title VII, 42 U.S.C. § 2000e(f), and R.C. 4112.01(A)(3).

6. Defendant MAG is an automotive group that repairs, maintains, and sells new and used European vehicles. At all relevant times, Defendant MAG was an employer as that term is defined by Title VII, 42 U.S.C. § 2000e(b), and R.C. 4112.01(A)(2).

7. Defendant Hertenstein is a natural person residing in Franklin County, Ohio, living in the Southern District, Eastern Division. Defendant Hertenstein worked as the Hi-line Service Manager for Defendant MAG from August 2019 through November 22, 2019. During his employment with Defendant MAG, Defendant Hertenstein was the direct supervisor for Plaintiffs Binder and Mudd.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff Binder worked as a Porter for Defendant MAG. Plaintiff Binder began his employment at Defendant MAG in November 2015. As a Porter, Plaintiff Binder performed a variety of services, including washing vehicles, parking vehicles, and shuttling customers.

9. Plaintiff Mudd worked as a Hi-line Service Advisor for Defendant MAG beginning in November 2016.

10. During late August 2019, Kirby Morrow, Fixed Operations Director, hired his friend Defendant Hertenstein as the Hi-line Service Manager, who was the direct supervisor for Plaintiffs Binder and Mudd.

11. Based on his friendship with Mr. Morrow, Defendant Hertenstein repeatedly threatened Plaintiff Mudd with termination. Plaintiff Mudd truly believed that Defendant Hertenstein had the ability and would terminate him from his employment. Therefore, Plaintiff Mudd feared for his job. Plaintiff Mudd tried to keep a low profile and do his work in order to keep his job.

12. On October 2, 2019, Defendant Hertenstein groped Plaintiff Mudd's buttocks as he was walking into the service drive from the workshop. Though Defendant Hertenstein's behavior was out of line and totally inappropriate, Plaintiff Mudd did not report it at that time because he feared for his job.

13. Throughout October 2019, Defendant Hertenstein continued to grab Plaintiff Mudd's penis and scrotum approximately 2-3 times per day depending on the amount of activity in the service drive. This occurred regularly as Plaintiff Mudd walked through the door of the service drive because Defendant Hertenstein's desk was just inside that door.

14. Defendant Hertenstein's sexually harassing behaviors were known to MAG as the behaviors were regularly witnessed, discussed and suffered by employees other than Plaintiff Mudd. In addition, the walls of the service drive were glass so anyone walking by also witnessed the behaviors.

15. On several occasions when Defendant Hertenstein grabbed Plaintiff Mudd's penis and scrotum, he often laughed while stating that he was an "HR nightmare."

16. Defendant Hertenstein's repeated sexual assaults interfered with Plaintiff Mudd's work performance. Plaintiff Mudd always had to be on guard because he never knew when Defendant Hertenstein's next sexual assault would occur, causing him anxiety.

17. Oftentimes, Defendant Hertenstein smelled like alcohol.

18. On Monday, November 4, 2019, Defendant Hertenstein grabbed Plaintiff Binder's buttocks lifting him up at approximately 7:30 a.m. when he was walking into the service drive.

19. Plaintiff Mudd witnessed Defendant Hertenstein grab Plaintiff Binder's buttocks as he was walking into the service drive from the workshop. Plaintiff Binder became extremely

angry and let Defendant Hertenstein know that his actions were completely inappropriate. Defendant Hertenstein tried to laugh it off and acted like it never happened.

20. Plaintiff Binder emphatically advised Defendant Hertenstein that his behavior was inappropriate and to never touch him again.

21. Later that day, at approximately 11:30 a.m., Defendant Hertenstein grabbed Plaintiff Binder's penis and scrotum and squeezed, causing pain, when he walked by Defendant Hertenstein's desk.

22. Plaintiff Binder was extremely angry about the sexual assaults and had trouble concentrating at work that day.

23. After the second sexual assault, Plaintiff Binder complained to Karen Betsacon, Comptroller, about Defendant Hertenstein sexually assaulting him.

24. Ms. Betsacon indicated that she was sorry to hear that this had happened and she assured Plaintiff Binder that that kind of behavior was not okay at work. Ms. Betsacon advised Plaintiff Binder that she would speak with Defendant Hertenstein and handle the situation.

25. Later in the day on November 4, 2019, Mr. Morrow and Melissa Church, Human Resources Manager, met with Plaintiff Mudd to question him about Plaintiff Binder's sexual assault by Defendant Hertenstein. Plaintiff Mudd confirmed Plaintiff Binder's account of the events. Plaintiff Mudd also told Mr. Morrow and Ms. Church that Defendant Hertenstein repeatedly grabbed his penis and scrotum. Neither Mr. Morrow nor Ms. Church seemed alarmed at Defendant Hertenstein's inappropriate behaviors. Plaintiff Mudd informed them that Defendant Hertenstein's inappropriate conduct made

him very uncomfortable. Plaintiff Mudd stated that he just wanted to work and, quite frankly, he feared for his job.

26. At approximately 6:00 p.m. on November 4, 2019, Plaintiff Binder filed a police report with the Dublin, Ohio Police Department. Officer Hillary McClish was the investigating officer. Dublin filed criminal charges against Defendant Hertenstein for sexual imposition, Franklin County Municipal Court Case No. 2019 CRB 021736.

27. On Tuesday, November 5, 2019, Ms. Betsacon emailed Plaintiff Binder to schedule a time to speak. Plaintiff Binder arranged to speak with her at 1:00 p.m. on Friday, November 8, 2019.

28. On Friday, November 8, 2019, Plaintiff Binder met with Ms. Betsacon and Ms. Church. Ms. Betsacon informed Plaintiff Binder that she had investigated the matter and handled it. Ms. Betsacon also said, "We are all adults," and "We can handle the situation."

29. Even though Mr. Morrow, Ms. Betsacon and Ms. Church learned during the investigation that Defendant Hertenstein sexually assaulted at least two employees, specifically Plaintiffs Binder and Mudd, he was not terminated. Instead, Defendant Hertenstein remained Plaintiffs Binder and Mudd's direct supervisor.

30. After Plaintiff Binder reported the sexual assaults, Defendant Hertenstein and Mr. Morrow stopped speaking with Plaintiff Binder.

31. On November 22, 2019, Defendant Hertenstein simply walked off the job. Plaintiff Mudd saw Defendant Hertenstein walking out with a box full of his personal belongings. When Plaintiff Mudd asked Defendant Hertenstein where he was going, he said, "I'm done. I can't do this anymore." Defendant Hertenstein was not escorted out of the building as if he were fired.

32. During the first week of December 2019, Rich Allen, the new Hi-Line Service Manager, told one of Plaintiff Binder's coworkers that Plaintiff Binder had a "bad attitude" and that Defendant MAG would probably have to let Plaintiff Binder go. Defendant MAG never informed Plaintiff Binder of any concern about his alleged "bad attitude."

33. On Monday, December 30, 2019, Plaintiff Binder was called into Bob Cox's office, with Mr. Cox and Ms. Church. Mr. Cox informed Plaintiff Binder that he was being written up for not being in the department where Mr. Cox told him to work that day. Plaintiff Binder began working in the department that Mr. Cox assigned Plaintiff Binder to and completed all of his work in that department. Per protocol during the entirety of his employment, Plaintiff Binder then returned to his normal department to continue working there. Plaintiff Binder asked Mr. Cox if he would rather Plaintiff Binder stand around in the department he was assigned that day or go back and work in his usual department. Mr. Cox did not respond. Plaintiff Binder refused to sign the write-up.

34. While Plaintiff Binder was in the meeting with Mr. Cox and Ms. Church, Ms. Betsacon came into the office. Ms. Betsacon began yelling at Plaintiff Binder, stating that he needed to know who his boss was and alleging that he was not doing what he was told. Most importantly, Ms. Betsacon kept threatening Plaintiff Binder's employment by repeating that "this is an at-will state." Based on the fabricated write-up and the fact that Defendant MAG did not terminate Defendant Hernstein, Plaintiff Binder believed that Ms. Betsacon was threatening his termination in retaliation for complaining about Defendant Hertenstein sexually assaulting him.

35. On January 15, 2020, Plaintiff Mudd received a subpoena to testify in the criminal matter for charges brought against Defendant Hertenstein by Plaintiff Binder.

36. On January 15, 2020, Plaintiff Mudd emailed his new supervisor, Rich Allen, a copy of the subpoena, telling him that he received a subpoena to testify against Defendant Hertenstein on Thursday, January 16, 2020.

37. Within one hour of emailing the subpoena to Mr. Allen, Mr. Morrow and Mr. Allen called Plaintiff Mudd into a meeting and terminated his employment. The alleged reason for Plaintiff Mudd's termination was (1) he had not returned a call to a customer, and (2) he had not obtained payment on an open invoice. Mr. Morrow and Mr. Allen alleged that it had been four (4) days since the customer called. However, it was less than twenty-four (24) hours from his receipt of the customer message when Plaintiff Mudd was terminated. In addition, and per protocol for the entirety of Plaintiff Mudd's employment, open invoices are not an issue as Plaintiff Mudd had until the end of the month to obtain payment on the open invoice. Regarding the invoice, Plaintiff Mudd had another fifteen (15) days to reconcile the open invoice. These reasons were pretext for retaliation.

38. In addition to Defendant Hertenstein, other employees were not disciplined for serious policy breaches. Just one example, Tawana Walls threatened to kill Plaintiff Mudd. Plaintiff Mudd reported the incident to Ms. Betsacon, but she did not take any disciplinary action. Instead, she told Plaintiff Mudd and Mr. Walls to go back to work and work it out.

39. On February 27, 2020, Defendant Hertenstein pled guilty to a lesser charge of disorderly conduct in Franklin County Municipal Court Case No. 2019 CRB 021736.

40. On February 24, 2020, Plaintiff Binder filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-01244.

41. On February 24, 2020, Plaintiff Mudd filed a Charge of Discrimination with the EEOC, Charge No. 532-2020-01243.

42. On March 27, 2020, Defendant MAG terminated Plaintiff Binder's employment.

43. On August 27, 2020, the EEOC issued Plaintiff Binder a Right to Sue letter, attached hereto as Exhibit 1.

44. On August 27, 2020, the EEOC issued Plaintiff Mudd a Right to Sue letter, attached hereto as Exhibit 2.

### COUNT I: SEX DISCRIMINATION/SEXUAL HARASSMENT AGAINST DEFENDANT MAG BY PLAINTIFFS BINDER AND MUDD
### 42 U.S.C. § 2000e *et seq.*

45. Plaintiffs reincorporate, as if fully realleged herein, the foregoing paragraphs of the Complaint.

46. Plaintiffs are members of a protected class because they are male.

47. Plaintiff Binder was subjected to unwelcomed sexual harassment when Defendant Hertenstein grabbed his buttocks, lifting him up, on November 4, 2019 at approximately 7:30 a.m. and when Defendant Hertenstein grabbed his penis and scrotum and squeezed, causing him pain, on November 4, 2019 at approximately 11:30 a.m.

48. Plaintiff Mudd was subjected to unwelcomed sexual harassment when Defendant Hertenstein grabbed him buttocks on October 3, 2019 and repeatedly grabbed his penis and scrotum throughout October 2019.

49. The unwelcome harassment was because of Plaintiffs' sex.

50. The sexual assaults by Defendant Hertenstein unreasonably interfered with Plaintiffs' work performance and created a hostile work environment.

51. Defendant MAG failed to take appropriate action as evidenced by, among other actions, the fact that Defendant MAG did not terminate Defendant Hertenstein and allowed him to continue supervising Plaintiffs. Defendant MAG disciplined Plaintiff Binder, and Defendant MAG terminated Plaintiffs.

52. Defendant MAG discriminated against Plaintiffs Binder and Mudd because of their sex in violation of 42 U.S.C. § 2000e-2(a)(1).

<u>**COUNT II: SEX DISCRIMINATION/SEXUAL HARASSMENT AGAINST DEFENDANT MAG BY PLAINTIFFS BINDER AND MUDD R.C. CHAPTER 4112**</u>

53. Plaintiffs reincorporate, as if fully realleged herein, the foregoing paragraphs of the Complaint.

54. Plaintiffs are members of a protected class because they are male.

55. Plaintiff Binder was subjected to unwelcomed sexual harassment when Defendant Hertenstein grabbed his buttocks, lifting him up, on November 4, 2019 at approximately 7:30 a.m. and when Defendant Hertenstein grabbed his penis and scrotum and squeezed, causing him pain, on November 4, 2019 at approximately 11:30 a.m.

56. Plaintiff Mudd was subjected to unwelcomed sexual harassment when Defendant Hertenstein grabbed him buttocks on October 3, 2019 and repeatedly grabbed his penis and scrotum throughout October 2019.

57. The unwelcome harassment was because of Plaintiffs' sex.

58. The sexual assaults by Defendant Hertenstein unreasonably interfered with Plaintiffs' work performance and created a hostile work environment.

59. Defendant MAG failed to take appropriate action as evidenced by, among other actions, the fact that Defendant MAG did not terminate Defendant Hertenstein and allowed him

to continue supervising Plaintiffs. Defendant MAG disciplined Plaintiff Binder, and Defendant MAG terminated Plaintiffs.

60. Defendant MAG discriminated against Plaintiffs Binder and Mudd because of their sex in violation of R.C. 4112.02(A) and 4112.99.

**COUNT III: AIDED/ABETTED SEX DISCRIMINATION/SEXUAL HARASSMENT AGAINST DEFENDANT HERTENSTEIN BY PLAINTIFFS BINDER AND MUDD R.C. 4112.02(J)**

61. Plaintiffs reincorporate, as if fully realleged herein, the foregoing paragraphs of the Complaint.

62. Plaintiffs are members of a protected class because they are male.

63. Plaintiff Binder was subjected to unwelcomed sexual harassment when Defendant Hertenstein grabbed his buttocks, lifting him up, on November 4, 2019 at approximately 7:30 a.m. and when Defendant Hertenstein grabbed his penis and scrotum and squeezed, causing him pain, on November 4, 2019 at approximately 11:30 a.m.

64. Plaintiff Mudd was subjected to unwelcomed sexual harassment when Defendant Hertenstein grabbed him buttocks on October 3, 2019 and repeatedly grabbed his penis and scrotum throughout October 2019.

65. The unwelcome harassment was because of Plaintiffs' sex.

66. The sexual assaults by Defendant Hertenstein unreasonably interfered with Plaintiffs' work performance and created a hostile work environment.

67. Defendant MAG failed to take appropriate action as evidenced by, among other actions, the fact that Defendant MAG did not terminate Defendant Hertenstein and allowed him to continue supervising Plaintiffs and it terminated Plaintiffs, Defendant MAG disciplined Plaintiff Binder, and Defendant MAG terminated Plaintiffs.

68. Defendant Hertenstein aided, abetted, incited, compelled or coerced an unlawful discriminatory practice and/or attempted directly or indirectly to commit an unlawful discriminatory practice in violation of R.C. 4112.02(J).

### COUNT IV: RETALIATION FOR COMPLAINTS OF SEXUAL DISCRIMINATION/SEXUAL HARASSMENT AGAINST DEFENDANT MAG BY PLAINTIFFS BINDER AND MUDD 42 U.S.C. § 2000e-3(a)

69. Plaintiffs reincorporate, as if fully realleged herein, the foregoing paragraphs of the Complaint.

70. Plaintiff Binder engaged in protected activity when he complained about Defendant Hertenstein's sexual assaults on November 4, 2019 to Defendant MAG.

71. Plaintiff Mudd engaged in protected activity, including but not limited to, when: (1) he participated in the investigation of and confirmed Plaintiff's Binder's complaint of sexual assaults by Defendant Hertenstein; (2) he complained about Defendant Hertenstein's sexual assaults of himself; and, (3) he was going to participate in Plaintiff Binder's criminal proceedings against Defendant Hertenstein.

72. Defendant MAG knew of Plaintiffs' protected activity because Plaintiffs complained to management about Defendant Hertenstein's sexual assaults.

73. Defendant MAG took an adverse action against Defendant Binder when it terminated his employment on March 27, 2020.

74. Defendant MAG took an adverse action against Defendant Mudd when it terminated his employment on January 15, 2020.

75. There is a causal connection between Plaintiffs' complaints of sexual assault and their terminations as evidenced by, among other things, the temporal proximity between the protected activity and the adverse employment actions, Plaintiff Binder's disciplinary

action on December 30, 2019, Plaintiff Binder's new supervisor stating that he had a "bad attitude" to one of Plaintiff Binder's coworkers.

76. Defendant MAG retaliated against Plaintiffs in violation of 42 U.S.C. § 2000e-3(a).

**COUNT V: RETALIATION FOR COMPLAINTS OF
SEXUAL DISCRIMINATION/SEXUAL HARASSMENT
AGAINST DEFENDANT MAG BY PLAINTIFFS BINDER AND MUDD
R.C. 4112.02(I)**

77. Plaintiffs reincorporate, as if fully realleged herein, the foregoing paragraphs of the Complaint.

78. Plaintiff Binder engaged in protected activity when he complained about Defendant Hertenstein's sexual assaults on November 4, 2019 to Defendant MAG.

79. Plaintiff Mudd engaged in protected activity when he participated in the investigation into Plaintiff's Binder's complaint of sexual assaults by Defendant Hertenstein, when he complained about Defendant Hertenstein's sexual assaults of himself, and when he was going to participate in Plaintiff Binder's criminal proceedings against Defendant Hertenstein.

80. Defendant MAG knew of Plaintiffs' protected activity because Plaintiffs complained to management about Defendant Hertenstein's sexual assaults.

81. Defendant MAG took an adverse action against Defendant Binder when it terminated his employment on March 27, 2020.

82. Defendant MAG took an adverse action against Defendant Mudd when it terminated his employment on January 15, 2020.

83. There is a causal connection between Plaintiffs' complaints of sexual assault and their terminations as evidenced by, among other things, the temporal proximity between the protected activity and the adverse employment actions, Plaintiff Binder's disciplinary

action on December 30, 2019, Plaintiff Binder's new supervisor stating that he had a "bad attitude" to one of Plaintiff Binder's coworkers.

84. Defendant MAG retaliated against Plaintiffs in violation of R.C. 4112.02(I).

## COUNT VI: ASSAULT AND BATTERY
## AGAINST DEFENDANT HERTENSTEIN BY PLAINTIFFS BINDER AND MUDD

85. Plaintiffs reincorporate, as if fully realleged herein, the foregoing paragraphs of the Complaint.

86. Defendant Hertenstein owed a duty to Plaintiff to refrain from causing them harm.

87. Defendant Hertenstein breached this duty when he offensively grabbed Plaintiff Binder's buttocks at approximately 7:30 a.m. and Plaintiff Binder's penis and scrotum at approximately 11:30 a.m. on November 4, 2019. Defendant Hertenstein created a reasonable apprehension for Plaintiff Binder that Defendant Hertenstein would continue to grab or touch Plaintiff Binder offensively.

88. Defendant Hertenstein breached this duty when he offensively grabbed Plaintiff Mudd's buttocks on October 3, 2019 and his penis and scrotum throughout October 2019. Defendant Hertenstein created a reasonable apprehension for Plaintiff Mudd that Defendant Hertenstein would continue to grab or touch Plaintiff Mudd offensively.

89. Defendant Hertenstein intended to cause harmful and offensive contact with Plaintiffs.

90. Defendant Hertenstein's contact and attempted contact caused harm to Plaintiffs.

91. Plaintiffs have suffered damages.

92. Defendant Hertenstein committed assault and battery against Plaintiffs.

## COUNT VII: CIVIL LIABILITY UNDER R.C. 2307.60(A)(1) FOR
## CRIMINAL ACT OF SEXUAL IMPOSITION, R.C. 2907.06,
## AGAINST DEFENDANTS MAG AND HERTENSTEIN
## BY PLAINTIFFS BINDER AND MUDD

93. Plaintiffs reincorporate, as if fully realleged herein, the foregoing paragraphs of the Complaint.

94. Under R.C. 2307.60(A)(1), "[a]nyone injured in person or property by a criminal act has, and may recovery full damages in, a civil action," including attorneys' fees and punitive damages.

95. Ohio's sexual imposition criminal statute, R.C. 2907.06, provides "[n]o person shall have sexual contact with another, not the spouse of the offender[.]"

96. Defendant Hertenstein had sexual contact with Plaintiffs without their consent.

97. As a direct and proximate result of Defendant Hertenstein's unlawful activity, Plaintiffs have suffered and continue to suffer economic and non-economic damages for which Defendant Hertenstein is liable.

98. Defendant Hertenstein's sexual assaults were willful, egregious, malicious, and worthy of substantial sanction to punish and deter Defendant Hertenstein and others from engaging in this type of unlawful conduct.

99. Defendant MAG is vicariously liable for Defendant Hertenstein's unlawful acts that were willful, egregious, malicious, and worthy of substantial sanction to punish and deter Defendant MAG from allowing other supervisors and members of management to engage in this type of unlawful conduct in the workplace.

## COUNT VIII: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST DEFENDANT MAG BY PLAINTIFF MUDD

100. Plaintiffs reincorporate, as if fully realleged herein, the foregoing paragraphs of the Complaint.

101. There is a clear public policy to have individuals subpoenaed in civil and criminal cases appear and testify. This public policy is evidenced by R.C. 4146-15-03, which provides

"[a]ny individual who refuses to testify or fails to appear at any proceeding in response to a subpoena duly issued and served…shall be subjected to contempt proceedings[.]"

102. Defendant MAG dismissed Plaintiff Mudd within one hour of Plaintiff Mudd notifying his supervisor that he was subpoenaed for Plaintiff Binder's criminal court case.

103. Dismissing Plaintiff Mudd, or any employee, under circumstances like those involved in Plaintiff Mudd's dismissal would jeopardize the public policy because employees would not testify in civil or criminal matters out of fear of termination.

104. Plaintiff Mudd's dismissal was motivated by the subpoena as evidenced by the temporal proximity between when Plaintiff Mudd notified his supervisor of the subpoena and Plaintiff Mudd's termination.

105. Defendant MAG lacked overriding legitimate business justification for Plaintiff Mudd's dismissal.

**WHEREFORE,** Plaintiffs Austin Binder and Jason Mudd pray for judgment in their favor, back pay, front pay or reinstatement, punitive damages, pain and suffering, compensatory and non-economic damages in an amount exceeding $75,000, attorneys' fees, costs, pre- and post-judgment interest, and any other relief to which they may be entitled.

Respectfully Submitted,

*s/Laren E. Knoll*
Laren E. Knoll (0070594)
The Knoll Law Firm, LLC
7240 Muirfield Drive, Suite 120
Dublin, Ohio 43017
Telephone: (614) 372-8890
Facsimile: (614) 452-4850
Email: lknoll@knolllaw.com
*Trial Attorney for Plaintiffs*
*Austin Binder and Jason Mudd*

## **JURY DEMAND**

Plaintiffs request a trial by a jury on all issues set forth herein.

                                                 *s/Laren E. Knoll*
                                                 Laren E. Knoll (0070594)
                                                 The Knoll Law Firm, LLC
                                                 *Trial Attorney for Plaintiffs*
                                                 *Austin Binder and Jason Mudd*