IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AUSTIN BINDER,** *et al.*,

      **Plaintiffs,**

  v.                                      **Civil Action 2:20-cv-5123**
                                            **Judge James L. Graham**
                                            **Magistrate Judge Elizabeth P. Deavers**

**BRENTLINGER ENTERPRISES,**
**D/B/A MIDWESTERN AUTO GROUP,** *et al.*,

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Austin Binder's Motion to Quash Defendant Rich Hertenstein's Subpoenas to Academic Institutions. (ECF No. 14.) Defendant Rich Hertenstein has filed a Memorandum in Opposition (ECF No. 16), and Plaintiff Binder has filed a Reply (ECF No. 17). For the reasons that follow, the Motion to Quash is **GRANTED IN PART** and **DENIED IN PART**.

**I.**

This case arises, in part, out of Defendant Rich Hertenstein's alleged sexual assaults of Plaintiff Austin Binder during the fall of 2019. (*See* ECF No. 1.) At the time, Plaintiff Binder was in the middle of his fall semester as a senior at The Ohio State University ("OSU"). (ECF No. 17 at PAGEID # 122.) During the discovery process, Defendant Hertenstein asked Plaintiff Binder to "[i]dentify all damages you allege resulted from the allegations in the Complaint and provide an explanation as to how any amounts were derived." In response, Plaintiff identified, in part, that he had suffered "Emotional Distress Damages at an amount to be determined." (*See* ECF No. 14-1 at PAGEID # 82.) When asked to supplement this response, Plaintiff added that

he had suffered "stress and fear [which] transferred into his school career" and negatively affected his grades:

> Plaintiff Binder's stress and fear transferred into his school career. Prior to Defendant Hertenstein's sexual assaults, Plaintiff Binder had very good grades during his Senior year. After Defendant Hertenstein sexually assaulted Plaintiff Binder, Plaintiff Binder's grades went from A's and B's to C's in a matter of a week.

(ECF No. 14-3 at PAGEID # 97.) In response, Defendant Hertenstein served a second set of discovery requests on Plaintiff Binder, which included the following request:

> 31. Produce all of your education records, including but not limited to special education records, report cards, progress reports, transcripts, attendance records, and disciplinary records from 2016 through 2020. (In lieu of producing these records, you may execute the attached authorizations and provide a list of educational institutions to which it should be sent, if any, in addition to Dublin City Schools and Columbus State Community College.)

(ECF No. 14-4 at PAGEID # 101.) Plaintiff Binder objected to the request as not relevant and not properly limited in scope, stated that Plaintiff did not attend Dublin City Schools ("Dublin") or Columbus State Community College ("Columbus State"), and without waiving said objections responded that "the events giving rise to the cause of action occurred during the middle of the semester and, therefore, are not accurately reflected in Plaintiff Austin Binder's education record." (*Id.*)

Shortly thereafter, Defendant Hertenstein served subpoenas on Dublin, Columbus State, and OSU, each with a return date of August 18, 2021. (*See* ECF Nos. 14-5 (Dublin), 14-6 (Columbus State), and 14-7 (OSU).) Each subpoena appears to request "[e]ducation records for Austin Binder, including but not limited to transcripts, disciplinary records, attendance records, and special education records."[1] (*Id.*) On August 3, 2021, Plaintiff Binder filed the subject

---

[1] The subpoena served on OSU appears to be substantially identical to the others, but the as-filed version does not include the "Exhibit A" which presumably contains the above quoted language.

2

Motion to Quash, seeking to quash all three subpoenas by generally arguing that the requested records are not relevant. (*See* ECF No. 14.) On August 5, 2021, Defendant Hertenstein filed an Opposition to the Motion to Quash, generally arguing that the requested records are relevant to Plaintiff Binder's emotional distress damages claim. (*See* ECF No. 16.) On August 13, 2021, Plaintiff Binder filed a Reply, generally reiterating that the records were not relevant and arguing that the requests only serve to harass or embarrass Plaintiff Binder. (*See* ECF No. 17.)

II.

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Under Rule 45, parties may command a nonparty to, *inter alia,* produce documents. Fed. R. Civ. P. 45(a)(1). Rule 45 further provides, however, that "the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). Courts "have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics,* 275 F.R.D. 251, 253 (S.D. Ohio 2011) (citation omitted).

The party seeking to quash a subpoena bears the ultimate burden of proof. *Id.* (citing *White Mule Co. v. ATC Leasing Co. LLC,* 2008 WL 2680273, at *4 (N.D. Ohio June 25, 2008)). If the discovery sought appears "relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance" but "when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request." *Id.* (citation omitted).

---

(*See* ECF No. 14-7.) The parties do not dispute that the subpoena served on OSU requests "[e]ducation records for Austin Binder, including but not limited to transcripts, disciplinary records, attendance records, and special education records."

3

Where educational records are requested, however, courts have imposed a "significantly heavier burden" on the party requesting the discovery of educational records to show its interests in obtaining the records outweighs "the significant privacy interest of the students." *Black v. Kyle-Reno*, No. 1:12-CV-503, 2014 WL 667788, at *2 (S.D. Ohio Feb. 20, 2014) (quoting *Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 526 (N.D. Ga. 2012)). Thus, courts have ordered disclosure of educational records when the records are clearly relevant to the claims at issue. *Id.* (collecting cases).

### III.

In his Motion to Quash, Plaintiff Binder argues that "the subpoenaed academic records are not relevant to [his] emotional distress damages." (ECF No. 14 at PAGEID # 72.) Plaintiff Binder argues that he did not even attend Dublin or Columbus State at the time Defendant Hertenstein was his supervisor, and even though he did attend OSU at the time, his drop in grades "occurred during the middle of the semester, and he was able to recover before he experienced a drop in grades." (*Id.* at PAGEID ## 72-73.) Accordingly, Plaintiff Binder maintains that "[t]he drop in grades would not be reflected in a transcript." (*Id.* at PAGEID # 73.) Plaintiff Binder further argues that the remaining requested records are irrelevant because he does not allege that Defendant Hertenstein's sexual assaults caused him to engage in behavior that caused him to be disciplined at school, he does not assert that his school attendance dropped off after Defendant Hertenstein sexually assaulted him, and "[t]here is no possible way his alleged 'special education' records, if any, could be relevant." (*Id.*)

In response, Defendant Hertenstein argues that he is entitled to investigate the truth or veracity of Plaintiff Binder's statements that he had good grades during his senior year and that his grades went from A's and B's to C's in a matter of a week as a result of the alleged incidents.

4

(ECF No. 16 at PAGEID # 117.)  According to Defendant Hertenstein, this includes the ability to investigate "whether other reasons exist(ed) that could have also caused or contributed to a drop in grades." (*Id.*)  Defendant Hertenstein asserts that the requested records are relevant because it is necessary to establish an "educational baseline" to determine whether Plaintiff Binder's grades actually fell, and that "disciplinary records, attendance records, and special education records are intertwined with the issue of grades, as all three may have either a positive or negative effect on grades."  (*Id.* at PAGEID ## 118-119.)

In reply, Plaintiff Binder maintains that none of the requested records are relevant, arguing that "[t]he kind of student Mr. Binder was at Dublin High School, CSCC and OSU prior to his Senior year has no bearing on his academic career during the middle of the semester of his Senior year at OSU when Defendant Hertenstein sexually assaulted him."  (ECF No. 17 at PAGEID # 122.)  Plaintiff views the subpoenas as "a fishing expedition intended to embarrass and humiliate Mr. Binder, as well as intimidate him for bringing this lawsuit against Defendant Hertenstein," and again insists that even his senior year transcripts from OSU are irrelevant because he alleges that his grades suffered during the middle of the semester but he was able to recover before the end of the semester.  (*Id.* at PAGEID # 123.)

After reviewing the briefing, the Court agrees with Defendant Hertenstein that Plaintiff Binder has directly put his grades from OSU at issue in this case, but the Court agrees with Plaintiff Binder that the rest of his grades, and all of his disciplinary records, attendance records, and special education records are irrelevant.  First, by stating that he has experienced "Emotional Distress Damages" and defining those damages, in part, by saying that his "grades [at OSU] went from A's and B's to C's in a matter of a week" as a result of the alleged assaults, Plaintiff Binder has opened the door for Defendant Hertenstein to investigate Plaintiff Binder's grades at

OSU.  Plaintiff Binder's main opposition to the production of his OSU transcripts appears to be the unsupported assumption that the transcripts would not be helpful because Plaintiff Binder was able to recover from his mid-semester dip in grades.  (*See* ECF No. 17 at PAGEID # 123.)  This argument, however, does not show the OSU transcripts are irrelevant, which is his burden.  While Plaintiff Binder may be correct that the OSU transcripts may not be as informative as Defendant Hertenstein hopes, the Court agrees with Defendant Hertenstein that the OSU transcripts are clearly relevant to Plaintiff Binder's emotional distress damages, and they should be produced.  Accordingly, Plaintiff Binder's Motion to Quash, ECF No. 14, is **DENIED IN PART**, as it relates to his transcripts from OSU.

On the other hand, the Court agrees with Plaintiff Binder that his transcripts from Dublin and Columbus State are not relevant to this case.  Defendant Hertenstein argues that they are relevant in order to establish an "educational baseline," but this argument falls flat – especially given the fact that Defendant Hertenstein will be able to review Plaintiff Binder's transcripts from OSU.  First, as it relates to Dublin, the Court notes that Defendant Hertenstein initially only requested Plaintiff Binder's educational records from 2016-2020.  (*See* ECF No. 14-4 at PAGEID # 101.)  It now seems clear, however, that at the time Defendant Hertenstein made this request, he falsely believed that Plaintiff Binder was a senior at Dublin at the time of the alleged assaults, which conceivably would have placed Plaintiff Binder as a student at Dublin between 2016 and 2020.  (*See generally* ECF No. 16.)  Plaintiff Binder has since clarified, however, that he was a Senior at OSU at the time of the alleged assaults.  (ECF No. 17 at PAGEID # 122.)  The Court therefore agrees with Plaintiff Binder that his high school records are irrelevant to his emotional distress damages claim in this case, especially given the fact that Plaintiff Binder maintains that the alleged assaults only affected him academically for a short period of time in

one semester.[2]

For similar reasons, the Court also agrees that Plaintiff Binder's records from Columbus State are not relevant to his emotional distress damages claim. While establishing an "educational baseline" may be relevant for examining the alleged dip in Plaintiff Binder's academic performance during part of one semester at OSU, the Court agrees with Plaintiff Binder that Defendant Hertenstein has failed to demonstrate how Plaintiff Binder's academic performance at Columbus State is at all relevant to Plaintiff Binder's academic performance at OSU. Accordingly, Plaintiff's Motion to Quash is **GRANTED IN PART**, as it relates to Plaintiff's transcripts from Columbus State.

Defendant Hertenstein also seeks Plaintiff Binder's "disciplinary records, attendance records, and special education records" from the three schools. (*See* ECF Nos. 14-5, 14-6, and 14-7.) As correctly highlighted by Plaintiff Binder, however, he has not alleged that he missed any classes or was ever disciplined as a result of the alleged assaults – he only has alleged that his grades "went from A's and B's to C's in a matter of a week" as a result of alleged assaults. (ECF No. 14 at PAGEID # 73.) In an effort to make such records relevant, Defendant Hertenstein argues that they all "are intertwined with the issue of grades, as all three may have either a positive or negative effect on grades." The Court, however, disagrees and finds that these records are not relevant on their face to Plaintiff Binder's emotional distress damages claim. Again, this is especially true considering the very short time frame during which Plaintiff

---

[2] In his Opposition, Defendant Hertenstein advised the Court that Dublin already had produced records in response to the subject subpoena, which effectively moots Plaintiff's Motion to Quash as to the Dublin subpoena. (ECF No. 16 at PAGEID # 115, n.1.) The Court will not attempt to un-ring that bell, but for the reasons discussed herein the Court would have granted Plaintiff Binder's Motion as to the Dublin subpoena. To be clear, however, by permitting Dublin's production in discovery, the Court is expressing no opinion as to the admissibility of those documents.

Binder alleges he suffered emotional distress damages. For these reasons, the Court finds that Defendant Hertenstein has failed to meet his "significantly heavier burden" for obtaining Plaintiff Binder's disciplinary records, attendance records, and special education records. Accordingly, Plaintiff Binder's Motion to Quash is **GRANTED IN PART**, as it relates to Plaintiff Binder's disciplinary records, attendance records, and special education records from OSU and Columbus State.

**IV.**

Because Plaintiff Binder alleges that his "grades [at OSU] went from A's and B's to C's in a matter of a week" as a result of the alleged assaults, his grades at OSU are relevant in this case and should be produced. His other educational records, however, are not relevant and need not be produced.

Plaintiff Binder's records from Dublin already have been produced, so Plaintiff Binder's Motion to Quash, ECF No. 14, is **DENIED AS MOOT** as it relates to the subpoena served on Dublin City Schools. As it relates to the other subpoenas, however, Plaintiff Binder's Motion to Quash, ECF No. 14, is **GRANTED IN PART** and **DENIED IN PART**. Defendant Hertenstein's subpoenas to Columbus State Community College, ECF No. 14-6, and The Ohio State University, ECF No. 14-7, are hereby **QUASHED**, **EXCEPT** with regard to Defendant Hertenstein's request to The Ohio State University for Plaintiff Binder's transcripts.

**IT IS SO ORDERED.**

Date: August 17, 2021 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE